MCFADDEN, Judge,
concurring fully and specially.
I write separately regarding Division 2, in which the majority concludes that admitting the laser-speed-detection-device evidence was not plain error. I agree with that conclusion, but my analysis is slightly different.
The state undertook to admit that evidence through OCGA § 40-14-17, under which a copy of the list of such devices approved by the Department of Public Safety is self-authenticating proof of their scientific reliability and acceptability and sufficient foundation for admission of evidence generated by them. That list appears to have been inadvertently omitted from the exhibit to which it was to have *137 been attached. Neither party noticed the omission during the trial, and the state consequently had no opportunity to supply it. I would hold simply that whether or not it was error for the trial court to fail to notice it either and whether or not it was therefor error for the trial court to admit the evidence in question, it was not “obviously so” and therefore not plain error. See Barron v. State, 297 Ga. 706, 708 (2) (777 SE2d 435) (2015) (appropriate inquiry as to plain error is whether the trial court’s act or omission “was error; whether this was obviously so; and whether the error likely affected the outcome of the proceedings”).
Decided October 8, 2015.
Whatley & Associates, Lynn H. Whatley; Durant Law, M. Katherine Durant, for appellant.
Layla H. Zon, District Attorney, Christopher D. Sperry, Assistant District Attorney, for appellee.